# Case No. 17.

## The ABERFOYLE.

### [1 Blatchf. 360.][1]

Circuit Court, S. D. New York. Oct. Term, 1848.[2]

SHIPPING—PASSENGERS—LIABILITY IN REM.

1. A vessel carrying passengers for hire stands on the same footing of responsibility as one carrying merchandise, the passage mon-

---

[3] See, also, The Flash. [Case No. 4,857.]

[4] See, also, The Zenobia, [Case No. 18,209,] to the same effect.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Affirming decree of the district court in The Aberfoyle, Case No. 16.]

ey in the former case being an equivalent for the freight in the latter.

2. The vessel, as well as her owner, is responsible for a breach of a contract with a passenger in respect to his passage, and for the damage resulting therefrom.

[Approved in The Pacific. Case No. 10,643. Cited in Marshall v. Bazin. Id. 9,125; The City of Brussels, Id. 2,745.]

In admiralty. Peter McDonald and others filed a libel in rem, in the district court, against the ship Aberfoyle, alleging that they were not furnished with provisions and water on their passage from Liverpool to New York in that vessel, as they should have been according to the terms of a contract entered into by them with the agent of the owner. After a decree by the court below in favor of the libellants, [The Aberfoyle, Case No. 16,] the claimant appealed to this court. [Affirmed.]

Richard S. Emmet, for appellant.
William M. Allen, for respondents.

THE COURT held that a vessel carrying passengers for hire stands on the same footing of responsibility as one carrying merchandise, the passage money in the former case being the equivalent for the freight in the latter; that the vessel, as well as her owner, is responsible for a breach of a contract with a passenger in respect to his passage and for the damage resulting therefrom; that the owner is clearly liable; and that, in analogy to the principles which make the vessel liable for a breach of a contract of affreightment of merchandise, she should also be held liable for a breach of a passenger contract.

Decree affirmed.